# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SAN JOAQUIN VALLEY RAILROAD<br>COMPANY, et al.,<br><br>　　　　　　Defendants. | NO. 1:08-CV-01086-AWI-SMS<br><br>ORDER DENYING BNSF RAILWAY<br>COMPANY'S MOTION TO DISMISS<br>FOR LACK OF SUBJECT MATTER<br>JURISDICTION<br><br>(Documents #16 & #21) |

　　　This is an action for breach of contract and declaratory relief by plaintiff BNSF Railway Company ("BNSF") against defendants Tulare Valley Railroad Company ("TVRR") and San Joaquin Valley Railroad Company ("SJVR"). In the instant motion, TVRR seeks to dismiss the action as to TVRR for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the reasons stated below, TVRR's motion to dismiss is denied.

**PROCEDURAL BACKGROUND**

　　　On July 25, 2008, BSNF filed a complaint in this court against TVRR and SJVR. BNSF's first claim seeks a declaration of its rights and obligations under a contract relating to the operation of various railroad lines. BNSF's second claim alleges a breach of contract.

　　　On September 12, 2008, TVRR filed a motion to dismiss BSNF's claims against TVRR

for lack of subject matter jurisdiction. TVRR contends that BNSF's claims should be dismissed because there is not an amount of $75,000 in controversy between TVRR and BNSF, which is necessary for diversity of jurisdiction. TVRR does not dispute diversity of citizenship. TVRR also contends that there is no federal question jurisdiction because BNSF's claims only relate to the interpretation of a contract under state law. Lastly, TVRR claims that there is no basis for jurisdiction under the Declaratory Judgment Act because there is no valid dispute between BNSF and TVRR.

On October 10, 2008, BNSF filed an opposition to TVRR's motion. BNSF contends that the $75,000 amount in controversy requirement is satisfied and is readily apparent from the face of the complaint. BNSF alleges that federal question jurisdiction is present because the contract dispute arises from federal railroad regulatory law.

On October 20, 2008, TVRR filed a reply brief. The court took the matter under submission on October 22, 2008.

## FACTUAL ALLEGATIONS

This action concerns a dispute over the contractual terms relating to a railroad sale/lease and rate agreement that was entered into between BNSF and TVRR.

The complaint alleges that in November 1992, BNSF's predecessor, the Atchison Topeka and Santa Fe Railway Company ("ATSF") and TVRR entered into a contract, ("Contract") which sold and leased to TVRR rail lines between Bakersfield and Fresno. The complaint alleges that under the Contract, BNSF was authorized to set rates and routes for various movements of traffic. The complaint alleges that the Contract specified the division of revenue that SJVR was to receive for SJVR's portion of the movements of traffic. The complaint alleges that in 1998, TVRR sold most of the rail lines acquired pursuant to the Contract to SJVR. The complaint alleges that TVRR retained ownership of one of the lines, which was operated by SJVR.

The complaint alleges that on June 5, 2008, SJVR wrote to BNSF claiming that BNSF

had breached the Contract by not escalating SJVR's revenues on a yearly basis since 1992. The complaint alleges that SJVR benefitted from the agreement not to adjust the revenues because since 1992, the rates had declined. The complaint alleges that from 1992 through 2006, the agreement not to adjust revenue, other than a 4% increase in 1996, resulted in excess payments to SJVR of an amount estimated to be $2.5 million dollars.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Keene Corp. v. United States, 508 U.S. 200, 207 (1993); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A defendant may attack jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) facially or factually. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).[1]

## DISCUSSION

---

[1] A defendant may also attack the existence of subject matter jurisdiction based on facts outside the pleadings. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

TVRR challenges this court's jurisdiction by filing a motion to dismiss for lack of subject matter jurisdiction. TVRR argues that this court does not have subject matter jurisdiction for three reasons. First, TVRR contends that BNSF has not alleged a claim in an amount that exceeds $75,000. Second, TVRR contends that there is no federal question jurisdiction because BNSF's claims only relate to the interpretation of a contract under state law. Lastly, TVRR claims that there is no basis for jurisdiction under the Declaratory Judgment Act because there is no controversy between BNSF and TVRR.

BNSF contends that this court has jurisdiction over this action because the matter is between citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

**A.     Diversity Jurisdiction**

Under 28 U.S.C. § 1332, a district court has jurisdiction when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

  1.     Amount in Controversy

In order to justify dismissal for lack of §1332 jurisdiction, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000); Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997). Generally, the amount in controversy is determined from the face of the pleadings. See Crum, 231 F.3d at 1131. The amount claimed by the plaintiff controls so long as the claim is made in good faith. St. Paul Mercury Indem., 303 U.S. at 288; Crum, 231 F.3d at 1131.

TVRR contends that BNSF has not alleged a claim in an amount that exceeds $75,000. TVRR has launched a facial attack because it does not present any affidavits or other evidence. Safe Air, 373 F.3d at 1039; Savage, 343 F.3d 1036, 1040 n.2. Therefore, the court need not look beyond the four corners of the complaint to determine whether the amount in controversy

requirement has been satisfied.  The amount claimed by BNSF controls so long as the claim is made in good faith.  See St. Paul Mercury Indem., 303 U.S. at 288; Crum, 231 F.3d at 1131.  BNSF's complaint alleges that the amount in controversy exceeds $75,0000.  TVRR does not allege that BSNF's claim is not alleged in good faith.

In order to justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  See St. Paul Mercury Indem., 303 U.S. at 289; Crum, 231 F.3d at 1131.  In the instant matter, it does not appear to a legal certainty that BNSF's claims are really for less than $75,000.  BNSF's complaint alleges "SJVR benefitted from the agreement not to adjust the division of revenues because since 1992, overall, through rates have declined.  For instance, from 1996 to 2006 the agreement not to adjust Table 1 revenue divisions, other than the 4% increase in 1996, resulted in excess payments to SJVR of an amount estimated to be $2.5 million dollars . . . ." (Compl. ¶ 29.)

    2.    Diversity of Citizenship

TVRR, correctly does not dispute diversity of citizenship as complete diversity exists between the parties.  Plaintiff BNSF is a Delaware corporation with a principal place of business in Fort Worth, Texas; Defendant SJVR is a California corporation with a principal place of business in California; and Defendant TVRR is a Nevada corporation with a principal place of business in California.  Thus, this court has subject matter jurisdiction over this matter based on diversity.[2]

**B.    Justiciability and Declaratory Judgment Act**

The jurisdiction of federal courts is limited to the adjudication of "cases or controversies."  U.S. Const. art. III, § 2.  The case or controversy requirement demands that the issues be justiciable.  Poe v. Ullman, 367 U.S. 497, 509 (1961).  The issues must "present a real and substantial controversy which unequivocally calls for the adjudication of . . . rights."  Id.

---

[2] In the event that this court finds subject matter jurisdiction, TVRR has requested an evidentiary hearing to allow it to conduct jurisdictional discovery.  Any discovery related matter should be submitted to the Magistrate Judge.

5

Jurisdiction to award declaratory relief exists only in "a case of actual controversy." 28 U.S.C. § 2201. "Basically the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941); Western Mining Council v. Watt, 643 F.2d 618, 623-24 (9th Cir. 1981).

TVRR also contends that subject matter jurisdiction is lacking because it alleges that there is no controversy between TVRR and BNSF. TVRR claims that it does not owe any contractual obligations to BSNF because it alleges that TVRR assigned its rights and obligations to SJVR in 1998. (Def.'s Reply Br. 3.) TVRR claims that the alleged wrongful conduct took place in 2007 and 2008. (Def.'s Reply Br. 1.) BNSF's complaint alleges that in 1998, TVRR sold most of its rail lines to SJVR but retained ownership of one of the lines. (Compl. ¶ 9.) BNSF alleges that the purported contractual breaches date back to 1992. (Compl. ¶ 27.) Based on BNSF's allegations that the purported contractual breaches occurred during periods when TVRR owned and operated rail lines, the court finds BNSF has established that a substantial controversy exists as to TVRR.[3]

**ORDER**

Accordingly the court ORDERS that TVRR's motion to dismiss BNSF's complaint for lack of subject matter jurisdiction is DENIED.

IT IS SO ORDERED.

**Dated:   November 20, 2008**             /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[3] This court declines to address TVRR's federal question jurisdiction argument because the court has found subject matter jurisdiction based on diversity of citizenship.