JAMES B. HICKS, SBN 109117
GARY W. PARK, SBN 173390
MARIANNA HURYN CURRY, SBN 137186
HICKS | PARK LLP
824 Wilshire Boulevard, Suite 200
Los Angeles, CA  90017
Telephone: (213) 612-0007
Facsimile: (213) 612-0373
jhicks@hicksparklaw.com; gpark@hicksparklaw.com;
mcurry@hicksparklaw.com

Attorneys for Defendant and Counterclaimant
San Joaquin Valley Railroad Co. and
Defendant Tulare Valley Railroad Co.

TIMOTHY R. THORNTON, MN 109630
(admitted pro hac vice)
PAUL J. HEMMING, MN 0346184
(admitted pro hac vice)
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone:  (612) 977-8400
Facsimile:  (612) 977-8650
Pvolk@briggs.com, phemming@briggs.com
Attorneys for Defendant and Counterdefendant
BNSF Railway Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN VALLEY RAILROAD COMPANY, et al.,<br><br>　　　　Defendants.<br>_____<br>AND RELATED COUNTERCLAIM. | Case No. 1:08-CV-01086-AWI-SMS<br><br>Assigned to:  Hon. Anthony W. Ishii<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL** |

　　　　This Stipulation and [Proposed] Protective Order ("Protective Order") is made and entered

into by Plaintiff and Counterdefendant BNSF Railway Co., Defendant and Counterclaimant San

1

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

Joaquin Valley Railroad Co. and Defendant Tulare Valley Railroad Co. (collectively, the "Parties" and individually, "Party").

WHEREAS the Parties recognize that discovery in this action will involve the production of documents, information and/or other material considered by one or more of the Parties to be confidential, sensitive or proprietary such as costs, revenue, rates and/or rate-setting information; and

WHEREAS, the Parties believe the following procedures will facilitate the orderly, efficient and expeditious discovery of any such confidential, sensitive or proprietary documents, information and/or other material, while minimizing the potential for unauthorized disclosure thereof;

THE PARTIES HEREBY STIPULATE AND AGREE, by and through their respective counsel of record and subject to the approval of this Court, as follows:

1. <u>Meaning of "Confidential"</u>

The term "Confidential" shall be used on a narrowly-tailored basis to protect only documents, materials, items or information that materially consist of information that is entitled to confidential treatment under California law, including but not limited to trade secrets defined by Civil Code § 3426.1, non-public proprietary, financial and business information, and personal information implicated or otherwise protected by Article I, § 1 of the California Constitution, or information submitted to a governmental office, but subject to a public policy of confidentiality. Anything that reproduces, paraphrases, summarizes or otherwise contains Confidential material is also deemed Confidential and, as such, will be treated in the same manner as the original for purposes of this Protective Order. The Parties will use reasonable care to avoid designating as Confidential documents or information that may have been published or can otherwise be shown to be in the public domain or non-confidential.

2. <u>Scope of Protective Order</u>

(a) This Protective Order governs all discovery, court filings, material and information that a producing Party designates Confidential in this action. Confidential information may be contained in, but is not limited to, documents produced, deposition testimony, exhibits,

declarations in support of motions, interrogatory responses, responses to requests for admission, initial disclosures and briefs;

(b)     All Confidential material produced in this action will be used solely for the prosecution or defense of this litigation and for no other purpose, and will not be disclosed outside the context of this litigation.  Confidential material shall not be used or disclosed for any business, commercial or competitive purpose; and shall not be used in communication with the media or in connection with materials for public dissemination of any type.

(c)     Any person receiving Confidential material shall not disclose that material to any person, except a person authorized to receive such material pursuant to this Protective Order, and shall make such disclosure only in compliance with this Protective Order;

(d)      Any person providing its Confidential material retains the right to disclose the material by waiving the restrictions of this Protective Order for a particular purpose or use;

(e)     Nothing in this Protective Order shall prevent or otherwise restrict counsel of record from rendering advice to their respective Party clients; and in the course thereof, of relying on, examining, discussing and otherwise evaluating with their respective client(s) material that has been marked Confidential;

(f)     The use of any Confidential material for the purpose of trial which is open to the public is not addressed in this Protective Order, and will be the subject of future agreement or Court order as the need arises and as the Court may decide.  The Parties acknowledge that unless the Court orders otherwise for good cause shown in advance of the commencement of trial, all materials designated "Confidential" pursuant to this Protective Order may become public once the case goes to trial.

3.     Designating Confidential Material

(a)     <u>Documents and things:</u>  Each document or thing that contains Confidential material shall be prominently marked with the designation "CONFIDENTIAL" or a similar designation. Said marking applies to, but is not limited to, documents produced, exhibits, discovery requests and responses, motion papers, and all other documents that reproduce, paraphrase, summarize, or otherwise contain Confidential material.

PDF created with pdfFactory trial version www.pdffactory.com

(b) <u>Depositions</u>: A Party may designate as Confidential the whole or a portion of any deposition testimony, regardless by whom given, that contains or discloses Confidential material. The Party designating any portion of a deposition as Confidential may do so on the record at the deposition or, within twenty-one (21) days of receipt of the deposition transcript, shall serve a written statement on the Parties and court reporter specifying the portions of the deposition to be designated as Confidential. Any portion not so designated shall not be entitled to the protections of this Protective Order; however, the entire transcript shall be deemed Confidential prior to the expiration of this twenty-one (21) day period. (This Paragraph 3(b) is subject to the broader language of Paragraph 7, <u>infra.</u> To the extent possible, however, the Parties are expected to comply with the twenty-one (21) day time frame for designation of Confidential testimony.)

    1) <u>Confidential Exhibits</u>: If a document designated as Confidential is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Confidential regardless of whether a Party makes any formal designation thereof.

    2) <u>Persons at Deposition</u>: A Party shall have the right to have the following persons excluded from a deposition before the taking of testimony designated as Confidential or the introduction of documents or exhibits designated as Confidential: all persons except the court reporter, counsel of record, the Parties' experts, the deponent, and the Parties (<u>i.e.</u>, for corporate entities, Party representatives -- including but not limited to in-house counsel -- who are responsible for the handling, prosecution and/or defense of this litigation).

4. <u>Authorized Persons and Acknowledgements</u>

(a) <u>Authorized Persons</u>: As discussed above in Paragraph 2, Confidential material may be disclosed, given, shown, made available to and/or otherwise communicated only for the purpose of prosecution and defense of this action, including preparation for trial. For purposes of this litigation, the following individuals and entities are authorized to receive Confidential material ("Authorized Persons"):

    (i) this Court and its employees;

    (ii) mediators, referees and/or other neutral designees of this Court or the Parties for purposes of dispute resolution;

PDF created with pdfFactory trial version www.pdffactory.com

    (iii) court reporters who record depositions or other testimony in this action;

    (iv) attorneys of record (including attorneys designated in pleadings as "Of Counsel" or "local counsel") in this lawsuit, as well as their paralegal, secretarial and clerical assistants, including independent contractors providing copy services or litigation support;

    (v) in-house counsel for the Parties actively involved in the prosecution or defense of this litigation and such employees or independent contractors of in-house counsel to whom it is necessary that Confidential material be shown for purposes of this litigation;

    (vi) the managing agents of the Parties (<u>i.e.</u>, those Party representatives responsible for the handling, prosecution and/or defense of this litigation);

    (vii) independent persons retained by a Party or its attorneys of record in this action to consult in this litigation or assist in preparation for trial (including but not limited to, for example, accountants, economists and expert witnesses), as well as the necessarily involved employees of such consultants and/or independent experts;

    (viii) potential or actual witnesses in preparation for deposition/trial or in deposition/trial, to the extent disclosing counsel in good faith determines such disclosure is necessary for purposes of asking questions at trial or at the deposition or preparing therefor;

    (ix) as to any document containing Confidential Material, the person who generated the material or authored the document or was an addressee of the document is an Authorized Person with respect to that document in the context of deposition testimony or interrogatories addressed to that Party.

    (x) any other person or party necessary to the facilitation to this action upon their written agreement (see Paragraph 4(b) below) or pursuant to Court order.

  (b) <u>Authorized Person Acknowledgment</u>:  Before disclosing Confidential material to any Authorized Person, except (i) an attorney of record, (ii) this Court and its employees or (iii) Court reporters transcribing testimony in this action, counsel for the Party making such disclosure shall 1) provide each such person with a copy of this Protective Order, 2) advise said person not to disclose Confidential material to any other person, 3) further advise said person that violation of this Protective Order will subject him or her to the sanctions of this Court, and 4) have the person

5

PDF created with pdfFactory trial version www.pdffactory.com

agree in writing to comply with the terms of this Protective Order by signing a copy of the "Acknowledgment of Confidential Material Covered by Protective Order" that is Exhibit A hereto. (For example, a court reporter must sign such an acknowledgment before transcribing a deposition.) The person's original Acknowledgment shall be maintained by the attorney for the Party who designated, or otherwise had need for the purposes of this litigation to disclose Confidential information to, such person.

5. Discovery from Third Parties

When documents, testimony, or other material is sought in discovery in this action from a person (including any business entity) who is not a Party, any Party who has a claim of confidentiality may designate certain documents (or categories of documents), things, information, material and/or testimony as Confidential material under this Protective Order. The person from whom discovery is sought may similarly make such a designation. Documents (or categories of documents), things, information, material and/or testimony so designated by a non-Party from whom discovery is sought shall be treated under the provisions of this Protective Order. Any and all documents produced in response to (i) a third-party subpoena or (ii) a non-Party subpoena issued by a Party, shall be provided to the other Party(ies) for review and possible designation as "Confidential."

6. Filing Confidential Material With the Court

Any material to be filed with the Court, prior to trial and designated Confidential, shall be filed under seal. A Party seeking to file Confidential material with the Court shall comply with any and all relevant provisions of the Local Rules, including any and all provisions regarding procedures and/or applications for filing documents under seal.

7. Failure to Designate as Confidential

If timely corrected, the production of any document, information, evidence, other material or testimony without a designation of Confidential shall not constitute a waiver of any claim of confidentiality that may legitimately attach to such document, information, evidence, other material or testimony. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of any document(s), thing(s), response(s) or other material(s) appropriately

PDF created with pdfFactory trial version www.pdffactory.com

marked Confidential.  If a document, thing, response or other material is appropriately designated as Confidential after initial production, the receiving Party, upon timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

8. Challenging a Designation of Confidential

The receipt of any document, transcript, information, thing, evidence or testimony that has been designated Confidential shall not be construed as an agreement by the receiving Party that said material is, in fact, Confidential; nor shall receipt operate as a waiver of the receiving Party's right to challenge the designation.  Any Party may challenge at any time the propriety of a designation of Confidential.  The Parties shall attempt to resolve any dispute in good faith on an informal basis.  If the dispute cannot be resolved on an informal basis and results in a motion, the Party seeking to maintain the material as Confidential shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted.

9. No Admission

A designation of Confidential is intended solely to facilitate in the preparation and trial of this action.  Such a designation is not an admission by any Party that a given disclosure constitutes or contains Confidential material.  Disclosure of Confidential material is not a waiver of any right of the producing Party to object to admissibility.

10. Protection of Confidential Material

No copies of any Confidential material shall be made except to the extent necessary for this lawsuit.  All copies of Confidential materials shall be kept in secure areas at the offices of outside counsel, the offices of such other Authorized Person(s) as may be applicable, or in the personal custody and control of such Authorized Person(s).  The Court, its employees, any Court reporters transcribing Confidential testimony taken in this action and notarizing officers shall handle Confidential materials pursuant to this Court's Local Rules.

11. Modification of this Protective Order

This Protective Order may be modified for good cause shown, and shall not preclude any application to the Court seeking greater or lesser protection (including termination of the

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL

PDF created with pdfFactory trial version www.pdffactory.com

protections provided hereunder) for specific documents, things, information, evidence, testimony and/or material.

      12.     <u>Conclusion of Action</u>

Within sixty (60) days of the final determination of this action, including any appeals, all copies of Confidential material within the possession of counsel (either outside or in-house) for a Party shall either (i) be delivered to counsel of record for the Party who supplied the Confidential Material, or (ii) destroyed by counsel for the receiving Party.  If the latter, applicable counsel for the receiving Party (outside and/or in-house) shall certify in writing to counsel of record for the producing Party that all such documents have been destroyed.

Notwithstanding the preceding paragraph, counsel of record for each Party may retain a set of pleadings (including discovery responses), motion papers, transcripts, exhibits, legal memoranda, correspondence, and their own attorney and consultant work product -- even if such materials contain Confidential material -- for archival purposes.  Counsel of record for all Parties shall use reasonable efforts to ensure that all Confidential material retained for archival purposes is maintained in a safe and secure manner.

/ / /

/ / /

/ / /

PDF created with pdfFactory trial version www.pdffactory.com

The provisions of this Protective Order, or any other order entered in this action restricting the disclosure or use of confidential information, shall continue to be binding at the conclusion of this action.

Dated: January 8, 2009　　　　　　　　　　　　BRIGGS & MORGAN

　　　　　　　　　　　　　　　　　　　　By:　/s Timothy R. Thornton
　　　　　　　　　　　　　　　　　　　　　　Timothy R. Thornton
　　　　　　　　　　　　　　　　　　　　　　Paul J. Hemming
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and Counterdefendant
　　　　　　　　　　　　　　　　　BNSR Railway Company

Dated: January 8, 2009　　　　　　　　　　　　HICKS | PARK LLP

　　　　　　　　　　　　　　　　　　　　By:　/s James B. Hicks
　　　　　　　　　　　　　　　　　　　　　　James B. Hicks
　　　　　　　　　　　　　　　　　　　　　　Marianna Huryn Curry
　　　　　　　　　　　　　　　　　Attorneys for Defendant and
　　　　　　　　　　　　　　　　　Counterclaimant San Joaquin Valley
　　　　　　　　　　　　　　　　　Railroad Company and Defendant
　　　　　　　　　　　　　　　　　Tulare Valley Railroad Company

ORDER

For good cause shown, and the Parties having stipulated and agreed, IT IS SO ORDERED.

Date: January 9, 2009


　/s/ Sandra M. Snyder

THE HONORABLE SANDRA M. SNYDER,
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

9

PDF created with pdfFactory trial version www.pdffactory.com

EXHIBIT A

ACKNOWLEDGMENT OF CONFIDENTIAL MATERIAL COVERED BY

PROTECTIVE ORDER

I, _____, declare that:

I have received a copy of the Stipulation and Protective Order ("Protective Order") in the action entitled BNSF Railway Company v. San Joaquin Valley Railroad Company, et al. and related counterclaim, Case No. 1:08-CV-01086-AWI-SMS, United States District Court for the Eastern District of California.  I have carefully read and understand the provisions of the Protective Order.

I agree to abide by, and be bound by, the terms of the Protective Order and not to reveal or otherwise communicate to anyone, or to utilize, any of the information disclosed to me pursuant to the Protective Order except in accordance with its terms.  I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I further agree to the jurisdiction of the Court over me to ensure my compliance with this Protective Order.

Dated: _____

Signature: _____

Printed (or typed) Name: _____

By whom employed: _____

10

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL**

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rules (C.D. Cal.) 5-3 and 5-4, I hereby certify that on January 8, 2009, a true and correct copy of the following document – **[INSERT TITLE OF DOCUMENT]**- was filed Electronically via the Court's Electronic Case Filing System (ECF).  Notice of the filing will be sent to all counsel of record as follows, and the parties may also access it via ECF:

| **Paul Auchard**<br>**Auchard & Stewart**<br>**2377 W. Shaw, Suite 106**<br>**Fresno, CA  93711-3438** | **Timothy R. Thornton**<br>**Paul J. Hemming**<br>**Briggs and Morgan, P.A.**<br>**2200 IDS Center**<br>**80 South Eighth Street**<br>**Minneapolis, MN  55402-2157** |
|---|---|
| **Telephone: (559) 432-0991**<br>**Facsimile:  (559) 432-1025** | **Telephone: (612) 977-8400**<br>**Facsimile:  (612) 977-8650** |

                    s/ Penny L. Johnson
                        Penny L. Johnson

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL**

PDF created with pdfFactory trial version www.pdffactory.com