UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>          Plaintiff,<br>     v.<br><br>SAN JOAQUIN VALLEY RAILROAD COMPANY, et al.,<br><br>          Defendants. | 1:08-cv-01086-AWI-SMS<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AND DIRECTING PLAINTIFF'S COUNSEL TO SUBMIT EVIDENCE OF ATTORNEY'S FEES (DOC. 46)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEPOSITION TRANSCRIPT ERRATA AND GRANTING ALTERNATIVE REQUEST FOR RENEWED DEPOSITION OF WITNESS PATTERSON WITH PAYMENT OF COSTS AND EXPENSES (DOC. 71) |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court are the motion of Defendant BNSF Railway Company (BNSF) for sanctions for conduct of Plaintiff's counsel, James B. Hicks, at a deposition of James Patterson, the person designated most knowledgeable pursuant to Fed. R. Civ. P. 30(b)(6) on behalf of Defendant San Joaquin Valley Railroad Company (SJVR), and the related motion of Defendant BNSF to strike errata concerning a transcript of the same deposition. The matters came on for hearing on October 30, 2009, at 10:30 a.m., before the

1

undersigned Magistrate Judge. Timothy R. Thornton and Paul Auchard appeared on behalf of the moving Plaintiff. James B. Hicks appeared on behalf of Defendant BNSF. After argument, the matter was submitted to the Court for decision.

The Court has read the motion, opposition, reply, objections, and supporting papers that have been filed in connection with both motions.[1] The Court has also viewed over an hour of the initial part of the deposition on videotape as well as other substantial portions of it.

Preliminarily, the Court overrules Defendant's objections to the nature and quality of the process of meeting and conferring concerning counsel's conduct at the deposition and concerning the motion to strike. Under the circumstances, the limited meeting and conferring established by the declarations was sufficient, and the Court expressly endorsed the use of briefing, as distinct from a joint statement, with respect to the motion to strike.

I. Plaintiff's Motion for Sanctions

Plaintiff BNSF Railway Company moves for no less than $10,000 in sanctions against James B. Hicks, counsel for Defendant, pursuant to Fed. R. Civ. P. 30(d)(2), 28 U.S.C. § 1927, and the Court's inherent power.

A. Objections

Fed. R. Civ. P. 30(d)(2) provides:

> The court may impose an appropriate sanction--including reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.

---

[1] Because they were filed so close to the time of the hearing, the objections of Defendant to the supplemental evidence submitted by BNSF regarding both motions were not, and will not be, considered by the Court.

2

The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 (concerning court rulings on evidence) and 605 (concerning sequestration of witnesses). Fed. R. Civ. P. 30(c)(1). Objections at the time of the examination, whether to evidence, a party's conduct, the officer's qualifications, the manner of taking the deposition, or to any other aspect of the deposition, must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. Fed. R. Civ. P. 30(c)(2). The rule expressly provides:

> An objection must be stated concisely in a nonargumentative and nonsuggestive manner.

(Id.) Further, a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(e.)

The rules were summarized in In re Stratosphere Corp. Securities Litigation, 182 F.R.D. 614, 618-19 (D.Nev. 1998):

> It is usually not necessary to make an objection based upon irrelevancy. 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2113 (1994). Federal Rule of Civil Procedure 32(d)(3) provides: "Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one which might have been obviated or removed if presented at that time." It is difficult to conceive of the likelihood that a question which calls for irrelevant information can be "cured" by restating the question, unless the question is changed to ask for relevant (i.e., different) information. Accordingly, it would be rare that an irrelevant question could be cured. Thus, the objecting party may wait until trial (or just prior to trial) to make the objection when, and if, the deposition testimony is offered into evidence.
>     It is only necessary to object at a deposition

> where the "form" of the question (not the nature of the question) is objectionable and a "seasonable" objection would provide an opportunity to correct the form. Questions to which timely objections should be made during the deposition include those which are leading or suggestive; ambiguous or uncertain; compound; assume facts not in evidence; call for a narration; call for speculation or conjecture; or argumentative. See William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial, § 11:493 at 11-99.
>
> If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial. <u>W.R. Grace & Co. v. Pullman, Inc.</u>, 74 F.R.D. 80 (D.C.Okl.1977); <u>Drew v. International Bhd. of Sulphite & Paper Mill Workers</u>, 37 F.R.D. 446 (D.D.C.1965). Where there are questions during a deposition which are objectionable, "the examination shall proceed, with the testimony being taken subject to the objections." Fed.R.Civ.P. 30(c). A party may object to an irrelevant line of question, but instructing a witness not to answer a question because it calls for inadmissable facts is sanctionable. <u>Boyd v. University of Maryland Medical System</u>, 173 F.R.D. 143, 144, 149 (D.Md.1997). However, counsel should avoid the prohibited practice of engaging in so-called Rambo tactics where counsel attacks or objects to every question posed, thus interfering with, or even preventing, the elicitation of any meaningful testimony and disrupting the orderly flow of the deposition. <u>American Directory Service Agency, Inc. v. Beam</u>, 131 F.R.D. 15, 18-19 (D.C.D.C.1990).

The Court concludes that of the hundreds of objections lodged by Mr. Hicks, many were without legal basis or were unnecessary because less obstructive methods for preserving a challenge were clearly available. The Court was particularly concerned with the frequency of the interruptions and the defensiveness of Mr. Hicks. The Court finds that Mr. Hicks engaged in repeated, unnecessary objections that slowed the progress of the examination, impeded the flow of information from the witness, and unnecessarily prolonged the proceedings. Mr. Hicks's conduct impeded, delayed, and frustrated the fair examination of the deponent.

4

Where counsel's objections have frustrated a fair examination of the deponent or have unreasonably prolonged the examination, a court may impose an appropriate sanction, including the reasonable expenses and attorney's fees incurred by any party, on the person who impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2). The sanctions may include attorney's fees for incurred as a result of the improper conduct and the necessity of filing a motion with the Court. Brockmeier v. Solano County Sheriff's Dept., 2009 WL 1110570, *2 (E.D.Cal. April 24, 2009); Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc., 233 F.R.D. 648, 654-55 (C.D.Cal. 2006). The precise sanctions imposed are a matter of the Court's discretion; they can include the costs of bringing a motion to obtain further depositions as well as the cost of retaking a deposition. Biovail, 233 F.R.D. 648.

The Court concludes that appropriate sanctions for Mr. Hicks's inappropriate and burdensome objections include attorney's fees for the deposition as well as fees incurred in the bringing of the motion for sanctions. Fed. R. Civ. P. 30(d)(2); Morales v. Zondo, Inc., 204 F.R.D. 50, 53 (S.D.N.Y. 2001); Royal Maccabees Life Ins. Co. v. Malachinski, 2001 WL 290308, *11 (N.D.Ill. 2001).

A Magistrate Judge has the authority to issue a sanction for dilatory and obstructive tactics; such an order does not have a dispositive effect on the case. See, Royal Maccabees Life Ins. Co. v. Malachinski, 2001 WL at *11.

In this regard, the Court proceeds pursuant to Fed. R. Civ. P. 30(d)(2). Although there is evidence before the Court that

5

1 might warrant an inference of bad faith, the Court finds it
2 unnecessary to reach the issue of bad faith. The Court notes that
3 some of Mr. Hicks's objections were not improper; further, some
4 of the questions asked by Plaintiff's counsel were unclear in
5 scope and poorly phrased, which sometimes appeared to cause
6 unnecessary difficulty with the process of providing coherent
7 information in response. The Court emphasizes that the minor
8 imperfections in Plaintiff's counsel's examination did not excuse
9 or justify Mr. Hicks's conduct.

10           B. Coaching the Witness and Exiting the Room

11     Because a deposition generally proceeds as at trial, courts
12 have held that once a deposition starts, counsel has no right to
13 confer during the deposition except to determine if a privilege
14 should be claimed. See, Morales v. Zondo, Inc., 204 F.R.D. 50, 53
15 (S.D.N.Y. 2001); Hall v. Clifton Precision 150, F.R.D. 525, 528-
16 29 (E.D.Pa 1993) (collecting cases); United States v. Philip
17 Morris, Inc., 212 F.R.D. 418, 420 (D.D.C. 2002) (rejecting
18 categorical prohibitions and considering various factors, such as
19 the right to counsel and free flow of information between
20 attorney and client, and need for true and accurate testimony).
21 In In re Stratosphee Corp. Sec. Litigation, 182 F.R.D. 614, 621-
22 22 (D. Nev. 1998), it was held that although counsel may not
23 demand a break in questioning or a conference between questions
24 and answers, an attorney and client may confer during a recess
25 that has not been so requested. It has been held that if improper
26 conferences occur, then they are subject to inquiry in further
27 discovery. Hall v. Clifton Precision, 150 F.R.D. 525, 529 (E.D.PA
28 1993); Plaisted v. Geisinger Med. Ctr., 210 F.R.D. 527, 535

6

(M.D.Pa 2002).

Further, counsel for the witness being deposed is prohibited from acting as an intermediary, interpreting questions, assisting the deponent with formulation of the answers, or deciding which questions should be answered. Johnson v. Wayne Manor Apartments, 152 F.R.D. 56, 59 (E.D.Pa 1993).

Here, Mr. Hicks repeatedly made objections that suggested answers to the witness. Indeed, some of the suggestions appeared in the witness's subsequent answers.

Further, the taking of an otherwise unscheduled break to obtain water for the witness when a question was pending and a bottle of water was within reach of the witness amounted to an improper conference.

The Court exercises its discretion and concludes that this misbehavior further warrants monetary sanctions consisting of attorney's fees.

### C. Misrepresentations

The Court does not find Mr. Hicks's characterization of his suspension from the bar as being a long time ago, when in fact it occurred several months before the remark concerning it, to be a misrepresentation.

With respect to the dispute concerning a statement or statements concerning production of a document that the deponent had used to prepare for the deposition, it is not clear that any misstatement was intentional. The Court finds it sufficient to reiterate the pertinent standard and specifically to admonish Mr. Hicks to comply with it in future discovery proceedings in this action. Fed. R. Civ. P. 30(c) incorporates the rules of evidence,

7

1 Sauer v. Burlington Northern R.R. Co., 169 F.R.D. 120, 123
2 (D.Minn. 1996), so most courts apply Fed. R. Evid. 612 to permit
3 an adverse party to have access to materials used by a deponent
4 to refresh the witness's memory during or prior to the
5 deposition. Rule 612 provides that if a witness uses a writing to
6 refresh memory, the adverse party is entitled to have the writing
7 produced, to inspect it, to cross-examine the witness about it,
8 and to introduce into evidence those portions of the writing that
9 relate to the testimony of the witness. The copy should be
10 furnished to counsel, but there is no requirement that the
11 witness and his attorney discuss the document prior to the
12 witness being questioned; it provides no grounds for
13 interruptions. Hall, 150 F.R.D. at 529.

### D. Sanctions

15   Matters concerning discovery are generally considered to be
16 non-dispositive of litigation. Thomas E. Hoar, Inc. v. Sara Lee
17 Corp., 900 F.2d 522, 525 (2nd Cir. 1990). Monetary sanctions
18 pursuant to Rule 37 for discovery abuses not falling within the
19 motions excepted in 28 U.S.C. § 636(b)(1) are generally
20 considered non-dispositive. Maisonville v. F2 America, Inc., 902
21 F.2d 746, 747-48 (9th Cir. 1990).

22   Trial courts generally have broad discretion in fashioning
23 discovery sanctions, although preclusive sanctions are
24 disfavored. Ritchie v. United States, 451 F.3d 1019, 1026 (9th
25 Cir. 2006) (requiring the payment of reasonable costs and
26 expenses of a second deposition for obdurate and obstreperous
27 conduct during the first). Pursuant to Rule 30(d)(2), it is
28 appropriate to impose sanctions for obstructing and protracting a

1  deposition in the form of the costs and attorney's fees incurred
2  in connection with the deposition. GMAC Bank v. HTFC Corp., 248
3  F.R.D. 182, 198 (E.D.Pa 2008); American Directory Service Agency,
4  Inc. v. Beam, 131 F.R.D. 15, 19 (D.D.C. 1990). Costs awarded have
5  included travel costs of counsel for any reset deposition.
6  Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc., 233
7  F.R.D. 648, 654 (C.D.Cal. 2006) Counsel's time spent in bringing
8  and attending the motion for sanctions has also been awarded.
9  Tacori Enterprises v. Beverlly Jewellery Co. Ltd., 253 F.R.D.
10 577, 585 (C.D.Cal. 2008).

11    In determining the appropriate sanction, the Court has
12 focused on the behavior of Defendant SJVR's counsel in this
13 action with respect to the deposition and the transcript and has
14 considered the larger context of discovery in this action as
15 well. The Court has not found it necessary to rely on the
16 evidence concerning separate actions that has been submitted to
17 the Court.

18    The Court concludes that Mr. Hicks's misconduct during the
19 deposition caused a significant waste of time such that all
20 questioning, including any contemplated cross-examination by Mr.
21 Hicks, could have been completed in the absence of egregious
22 misconduct. In light of the repeated instances of multiple
23 grounds of misconduct, and considering all the circumstances, the
24 Court has determined that Mr. Hicks must pay all attorney's fees
25 of Plaintiff's counsel incurred in connection with the
26 deposition, including time spent preparing for and attending the
27 deposition. Further, it is appropriate that Mr. Hicks pay
28 counsel's fees in making the motion for sanctions.

 In his second declaration, Paul Hemming states that BNSF spent at least $5,000 on the SJVR deposition, including court reporter fees, the cost of the videographer, travel costs, and Thornton's time for the deposition; he states that the number is larger when preparation time is figured in. (Second Affidavit, ¶ 25.) Plaintiff's counsel will be given an opportunity to submit declarations concerning attorney's fees incurred with respect to the deposition and the bringing of this motion, and Mr. Hicks will be given an opportunity to object or otherwise respond to Plaintiff's counsel's submission.

 Further, in light of the Court's ruling with respect to the motion to strike, discussed below, the Court will also grant the alternative request made in the motion to strike, namely, that if Plaintiff desires to re-depose witness Patterson with respect to the changes made to the deposition transcript, or with respect to any matter within the scope of discovery, then Mr. Hicks shall be responsible for the costs of a renewed deposition of witness Patterson, such as court reporter and videographer's fees, as well as transportation, accommodations, meals, etc. of the witness and of counsel for Plaintiff.

 Further, with respect to enforcement, it has been held that the provisions of Rule 30(d)(3), which forbid a deposition to be "conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party," provide sufficient authority for the Court to establish guidelines for depositions which it considers reasonable, with sufficient flexibility to accommodate the personal needs of everyone involved. In re Stratosphere Corp. Securities Litigation, 182

10

F.R.D. 614, 618 (D.Nev. 1998). The guidelines set forth by the Court at previous telephonic conferences and at the hearing of this matter, as well as the previous stipulations between the parties concerning objections and stating objections, shall apply to all future depositions, and objections shall generally be foreclosed except those necessary to protect a privilege.

## II. Motion to Strike Deposition Transcript Errata

### A. Legal Standards

#### 1. Motion to Strike

Plaintiff moves to strike the changed deposition testimony pursuant to Fed. R. Civ. P. 12(f), which provides as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act 1) on its own; or 2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. <u>Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992). Striking improper deposition corrections or errata has been held to be an appropriate remedy. <u>Hambleton Bros. Lumber Co v. Balkin Enterprises, Inc.</u>, 397 F.3d 1217, 1226 (9th Cir. 2005).

#### 2. Changes to Deposition Testimony

Fed. R. Civ. P. 30(e) provides that on request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording, and if there are changes in

11

form or substance, to sign a statement listing the changes and the reasons for making them. Further, the deposition officer must note in the certificate whether a review was requested and, if so, must attach any changes the deponent makes during the thirty-day period.

With respect to the process used to make changes, Rule 30(e) expressly states that the deponent must be allowed thirty days to review the transcript and list and explain changes "[o]n request by the deponent or a party before the deposition is completed," and the thirty days run "after being notified by the officer that the transcript or recording is available...." In <u>Hambleton Bros. Lumber Co v. Balkin Enterprises, Inc.</u>, 397 F.3d 1217 (9th Cir. 2005), the transcript and officer's certificate did not reflect any request to review the transcript; further, the court did not have before it any finding on whether there had been a request to review the transcript. <u>Id.</u> at 1226. However, the court noted district court authority to the effect that a request is an absolute prerequisite for correcting a deposition under Rule 30(e). <u>See</u> <u>also</u>, <u>Rios v. Bigler</u>, 67 F.3d 1543, 1551 (10th Cir. 1995) (noting that Rule 30(e) requires a request to review the deposition before its completion and provides only thirty days after notification to make changes in form or substance, and determining sham or legitimate purpose of changes by considering cross-examination, access to evidence, and any confusion reflected in the earlier testimony). <u>Id.</u> at p. 1551.

The court in <u>Hambleton Bros.</u> also noted authority to the effect that untimely corrections may be excluded. 397 F.3d at 1224. However, it also stated that a delay of merely a day or two

in the deadline for corrections might not alone justify excluding the corrections in every case, but there the untimeliness was accompanied by omission of the explanation for the corrections, and there was no record of a request for review. The <u>Hambleton</u> approach has been recognized as involving some discretion to enforce the thirty-day requirement strictly or not. <u>Teleshuttle Technologies LLC v. Microsoft Corp.</u>, 2005 WL 3259992, *1 (N.D.Cal. 2005) (holding that a day or two of delay, where unaccompanied by prejudice, would not cause the court to strike the corrections).

### 3. <u>Explanation and Scope of Changes</u>

In some circuits, so long as the changes are signed and supported by reasons, substantial changes to deposition testimony, including outright contradictions, are permissible and, when formalized, become part of the record along with the original responses. <u>Podell v. Citicorp Diners Club, Inc.</u>, 112 F.3d 98, 103 (2nd Cir. 1997) (deponent permitted to change an answer which initially stated that the deponent had received a written response from a party to a communication, to an answer that he denied receiving it; however, it was not sufficient to raise an issue of fact on summary judgment). Moore describes this as the better view because of the absence of express direction by the federal rules and because of the opinion that cross-examination of the deponent about the changes, impeachment by inconsistency, and resuming the deposition in cases of pronounced change can protect against any risk of successful manipulation. 7 <u>Moore's Federal Practice</u>, 3d. ed., ¶ 30.60[3], p. 30-107.

In this circuit, however, it has been held that a district

court did not abuse its discretion in striking plaintiffs' deposition errata when plaintiffs failed to file corrections within a thirty-day deadline, omitted an explanation of the corrections, failed to request review from a deposition officer, and made the changes in contemplation of a motion for summary judgment. Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1224-26.

The holding in Hambleton Bros. reflects the court's conclusion that Rule 30(e) does not appropriately include changes that run afoul of the "sham affidavit rule," that is, changes offered to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment. Id. at 1224-25.

The applicability of this rule in the instance of conflicts between deposition testimony and corrections thereto made in order to create a factual dispute to avoid summary judgment has been recognized by this Court. Foster Poultry Farms, Inc. v. SunTrust Bank, 2007 WL 1113529, *3 (E.D.Cal. April 13, 2007) (noting that when a contradictory affidavit is introduced to explain portions of earlier deposition testimony, the district court must first make a factual determination that the contradiction was actually a sham (i.e., was intended to substitute helpful facts for earlier deposition testimony harmful to its case in order to create an issue of fact and avoid summary judgment), and finding that flatly contradictory testimony, as distinct from explanatory or corrective testimony, from a person most knowledgeable about the transaction in question was subject to the sanction of the sham affidavit rule). Further, the Court has more broadly considered whether the deponent changed the

1  response simply to "ward off a motion." <u>Juell v. Forest
2  Pharmaceuticals, Inc.</u>, 2006 WL 618396, *1-2 (E.D.Cal. March 9,
3  2006). In <u>Juell</u>, the Court considered corrections to testimony
4  despite the absence of the required statement of reasons where
5  the Court could clearly understand the corrective nature of some
6  changes from the context of the question and answer. <u>Id.</u> at 1.
7  The Court noted that the stated reasons or the nature of
8  substantive changes would determine whether the changes were
9  corrective or contradictory. For example, innocent lapses of
10 memory, such as a failure to remember one item to a question
11 calling for many items to be recollected, or lack of memory as to
12 precise dates, would be permissible; however, changes from "yes"
13 to "no," or gross departures from original testimony, would not
14 be legitimate. <u>Id.</u> On the basis of the context set forth by the
15 questions and answers, the Court decided that to the extent that
16 the changes set forth corrections to answers, or set forth facts
17 consistent with the complaint, they would be allowed; otherwise
18 they were stricken. <u>Id.</u> at 2.
19     This application is largely consistent with the principle
20 stated in <u>Hambleton Bros.</u> to the effect that the court agreed
21 "with our sister circuits' interpretation of FRCP 30(e) on this
22 point, and hold that Rule 30(e) is to be used for corrective, and
23 not contradictory, changes." <u>Id.</u> at 1225-26.
24     Here, it appears that the changes were timely made; there
25 does not appear to be binding authority in this circuit that
26 would require that a request absolutely appear in the deposition
27 transcript, or that the changes actually be sent to the reporter
28 within a thirty-day period after notification of availability of

1 the transcript for review.

2    Although there was no express statement of the reasons for
3 the changes, it is clear that the changes were meant to fill a
4 void in information caused by the witness's initial lack of
5 knowledge or recollection. The changes did not constitute clear
6 or wholesale contradictions of factual assertions; rather, they
7 were more in the nature of corrections. The changes for the most
8 part expressly reflected that further review or contemplation had
9 occurred after the deposition; further, the errata contain
10 references to documents filed in this action and thus reflect the
11 substantial contributions of counsel to the errata, and they may
12 further reflect to some extent poor preparation of the witness
13 who was designated as the person most knowledgeable.
14 Nevertheless, they do not constitute improper attempts to avoid
15 an inference or motion, but rather appear to constitute changes
16 not foreclosed by the express provisions of the pertinent rule
17 governing review of the transcript. The Court exercises its
18 discretion to permit the changes.

19    However, in light of the Court's ruling on the motion for
20 sanctions, because the Court is declining to strike the errata,
21 and because Plaintiff has not had an opportunity to question
22 Patterson concerning changes that affect material and important
23 issues in the action, the Court will grant Plaintiff's
24 alternative request to permit re-opening of the deposition at the
25 expense of Mr. Hicks in order to ask witness Patterson any
26 questions that arise from the changed answers, with all expenses
27 of the deposition to be paid by Mr. Hicks.
28 /////

III. <u>Disposition</u>

Accordingly, in light of the foregoing analysis, it IS ORDERED that

1) Plaintiff's motion for sanctions for the misconduct of Mr. Hicks at the deposition of witness Patterson IS GRANTED; and

2) The Court imposes monetary sanctions upon Mr. Hicks consisting of the attorney's fees incurred by Plaintiff's counsel in preparing for and attending the deposition of Charles Patterson and in preparing, making, and attending the hearing on the motion for sanctions; and

3) Counsel for Plaintiff IS DIRECTED to file within ten days of the date of service of this order a declaration with appropriate documentation itemizing the Plaintiff's attorney's fees incurred in connection with the preparation for and attendance at the deposition of witness Charles Patterson and in the making of the motion for sanctions; and

4) Mr. Hicks MAY FILE a response to counsel's declaration no later than seven days after counsel's declaration is filed, after which the Court will issue a supplemental order determining the precise amount of costs and fees to comprise the sanctions; and

5) Plaintiff's motion to strike the deposition transcript errata IS DENIED; and

6) Plaintiff's alternative request to re-open the deposition of witness Patterson IS GRANTED, and within twenty days of the date of this order Plaintiff may elect to re-open the deposition and may thereafter give notice of the re-opening of the deposition without delay; should Plaintiff so elect, then Mr.
//////////

17

1  Hicks SHALL PAY the costs and expenses of the re-opened
2  deposition.
3
4  IT IS SO ORDERED.
5  **Dated:     November 17, 2009**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE