IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, ) | | 1:08-cv-01086-AWI-SMS |
| ) | | |
| Plaintiff, ) | | **ORDER DENYING SJVR'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION RE BNSF'S FUEL SURCHARGE INFORMATION** |
| ) | | |
| vs. ) | | |
| ) | | |
| SAN JOAQUIN VALLEY RAILROAD ) COMPANY, et al., ) | | |
| ) | | (Doc. 133) |
| Defendants. ) | | |
| _____ ) | | |

Defendant San Joaquin Valley Railroad's motion to compel, filed on March 8, 2010, was originally set by the moving party to be heard before the district court trial judge, the Honorable Anthony W. Ishii, on April 16, 2010.  The matter was moved to the appropriate case management/discovery presiding magistrate judge, the Honorable Sandra M. Snyder, to be heard on April 16, 2010. Counsel were directed by minute order (Doc. 135) to prepare and file a joint statement re: discovery disagreement pursuant to Local Rule 251(a).

//

/

1

1        To accommodate counsels' vacation schedules, this motion to
2   compel was continued to April 30, 2010 (Doc. 136), reminding
3   counsel to comply with the Local Rule 251 requirements.  The joint
4   statement re: discovery disagreement was filed on April 23, 2010
5   (Doc. 144), as were Plaintiff's fuel surcharge information exhibits
6   filed under seal (Doc. 141), and the declaration of Weldon E. Hale
7   in opposition to the motion to compel (Doc. 142).  That same date,
8   defendant, in support of the motion, filed notice of withdrawal of
9   certain portions of the motion to compel (Doc. 146), as well as
10  notice of lodging deposition transcripts, and the declaration of
11  defendant's counsel James Hicks (Doc. 145).  SJVR's evidentiary
12  objections to Hale and Hemming declarations were filed on April 27,
13  2010 (Doc. 147).

14       The hearing for April 30, 2010 was continued yet again to
15  Friday, May 7, 2010 at 11:00 a.m. (Doc. 149).  A telephonic status
16  conference was held on that date, on the record, initially to
17  clarify whether SJVR's entitlement to share in BNSF's fuel
18  surcharges would or would not be a topic to be addressed in the
19  upcoming summary judgment motions (Doc. 150).  To that end, the
20  Court entertained focused and limited oral argument regarding the
21  herein motion to compel.  BNSF represented that it had produced
22  everything in its custody and care related to the fuel surcharge
23  rates.  SJVR argued that the declaration of BNSF's former employee
24  James Shefelbine establishes that more information exists.  BNSF
25  pointed out that Shefelbine does not and could not have personal
26  knowledge because he left BNSF in 1996 and was not a BNSF employee
27  at the time that the fuel surcharge rates were established (2002).
28  //

    Near the conclusion of the telephonic hearing, Attorney Hicks all but conceded the issue of the remoteness of Shefelbine's experience and knowledge of the business of BNSF due to his departure date, as well as acknowledging the word, as officers of the court, of counsel for BNSF that they had produced all they had in their care, control and custody regarding fuel surcharge information.  Mr. Hicks wanted Messrs. Hemming and Thornton to swear under penalty of perjury that that was so, and he would accept their position.  This Court believes Attorneys Hemming and Thornton *as officers of the court* and will require no further averment to these facts and this issue.

    Finally, even if this Court misheard Attorney Hicks regarding perceived concessions, nonetheless by review of the court docket, it would appear Mr. Hicks has filed a Rule 56(f) request re: the pending summary judgments motions (Doc. 167), re-couching his arguments regarding fuel surcharge data in the custody of BNSF, arguing that at least in the past, BNSF has calculated and retained movement-specific fuel costs information at a carload level. Again, these are the same points raised before this Court informally in telephonic conference(s) and during this hearing. BNSF wholesale denies these arguments.  It would appear to the undersigned that Mr. Hicks would have counsel and/or experts for BNSF *create* this information for production.  BNSF shall not be directed to do so.  SJVR has the burden to show that the evidence exists, not that it *could be created or might* exist.  See <u>Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.</u>, 353 F.3d 1125, 1129-30 (9th Cir. 2004).

//

GOOD CAUSE APPEARING, the Court accepting the proffer of Plaintiff's counsel that BNSF has provided all the information it has in its care, control and custody regarding the fuel surcharges collected on shipments to or from Table 1 stations, Defendant's motion to compel is DENIED.

IT IS SO ORDERED.

**Dated:   June 25, 2010**               /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE