IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>           Plaintiffs,<br><br>     v.<br><br>SAN JOAQUIN VALLEY RAILROAD<br>COMPANY, et al.,<br><br>           Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS.<br>_____ | NO. 1:08-CV-01086-AWI-SMS<br><br>ORDER ON REQUEST FOR<br>RECONSIDERATION OF<br>MAGISTRATE JUDGE'S<br>ORDER<br><br>(Document #171) |

This is a breach of contract case. Defendant San Joaquin Valley Railroad Company ("SJVR") filed a motion to compel further responses to interrogatories and requests for the production of Plaintiff BNSF Railway Company's ("BNSF") fuel surcharge information. On June 25, 2010, Magistrate Judge Sandra M. Snyder denied SJVR's motion to compel. SJVR requests reconsideration of the June 25, 2010 ruling denying production of the fuel surcharge information. For the reasons stated below, SJVR's motion for reconsideration will be denied.

## **LEGAL STANDARD**

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P.

72(a). As such, the Court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991).  "Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Yent v. Baca, 2002 WL 32810316, at *2 (C.D.Cal. 2002). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241.

## DISCUSSION

Ruling by Magistrate Judge

The Magistrate Judge denied SJVR's motion to compel based on BNSF's counsel's, (Paul Hemming and Timothy Thornton), representations to the Court that they had produced all they had in their care, control, and custody regarding fuel surcharge information.[1]  The Magistrate Judge held that she would not require BNSF's counsel, as officers of the Court, to swear under the penalty of perjury that they had produced all the fuel surcharge information.  The Magistrate Judge found that James Shefelbine's ("Shefelbine") declaration, which was submitted by SJVR, did not establish that more fuel surcharge information existed.  The June 25, 2010, order noted that Shefelbine did not have personal knowledge because he left BNSF in 1996 and was not a BNSF employee at the time that the fuel surcharge rates were established in 2002.  The Magistrate Judge held that BNSF would not be directed to create fuel cost information for production.

SJVR's Arguments

SJVR argues that the Magistrate Judge's order is clearly erroneous and contrary to law. SJVR contends that:  (1) the Court should require BNSF counsel to declare under the penalty of

---

[1] On May 7, 2010, the Magistrate Judge held a telephonic hearing to address SJVR's motion to compel.  At the hearing, BNSF's counsel represented to the Magistrate Judge that they had produced everything in its custody and care related to the fuel surcharge rates.

2

perjury that they had already produced all of the fuel surcharge information; (2) Shefelbine's declaration indicates that BNSF did calculate and retain movement-specific fuel cost information at a carload level; and (3) SJVR's due process rights were violated because "not allowing a party to take appropriate discovery is a reversible due process violation." See SJVR Motion for Reconsideration at page 3.[2]

Resolution

As explained above, this Court may only review the Magistrate Judge's order under the "clearly erroneous or contrary to law" standard. That is, SJVR must show facts or law which demonstrate that portions of the Magistrate Judge's order are clearly erroneous or contrary to law. SJVR has failed to meets its burden.

First, SJVR has not shown that the Magistrate Judge's reliance on BNSF's counsel's oral representation that they had produced all information is contrary to law. SJVR does not cite any relevant authority that supports its position that the Court can only rely on counsel's discovery representations if they are submitted under oath. SJVR's argument that it "was unfair to refuse to order BNSF to produce discovery..." based on BNSF's counsel's statement that the evidence does not exist, is simply without merit. See SJVR Motion for reconsideration at pages 2-3.

Second, SJVR has not shown that the Magistrate Judge's finding regarding the inadequacy of Shefelbine's declaration is clearly erroneous. As the Magistrate Judge noted, Shefelbine did not have personal knowledge because he left BNSF in 1996 and he was not a BNSF employee at the time that the fuel surcharge rates were established in 2002. There is no

---

[2]SJVR also advances additional arguments regarding the production of fuel surcharge information. For example, SJVR argues that it needs the information to calculate damages, and that various BNSF experts put the fuel surcharge information at issue. SJVR's additional arguments depend on the existence of the fuel surcharge information that SJVR claims exists. However, these arguments are rendered moot in light of the Magistrate Judge's conclusion/acceptance of BNSF's counsel's proffer "that BNSF has produced all the information it has in its care, control and custody regarding the fuel surcharge collected on shipments to or from Table 1 stations..." See June 25, 2010 Order at page 4. SJVR's additional arguments fail to show that the discovery order is either erroneous or contrary to law.

3

contrary evidence.

Third, the Court notes that SJVR did not raise its due process violation argument to the Magistrate Judge in its briefing. Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. See Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir.2001); Rosenfeld v. United States Dep't of Justice, 57 F.3d 803, 811 (9th Cir.1995); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir.1988). Because SJVR could have raised these contentions before the Magistrate Judge ruled on the motion to compel, the objections do not provide a basis for reconsideration of the Magistrate Judge's discovery order.

Nevertheless, even if the issue was properly raised, SJVR has not stated a due process violation. In the instant matter, the parties have conducted discovery over the course of a year. A hearing was held regarding SJVR's motion to compel discovery regarding the fuel surcharge information. SJVR was given an opportunity to be heard on the matter. During the hearing, BNSF's counsel represented to the Court that they had produced all they had in their care, control, and custody regarding fuel surcharge information. Based on BNSF's representations, the Magistrate Judge denied the motion to compel and held that BNSF would not be directed to create information that did not exist. As discussed above, SJVR has not shown that this ruling was contrary to law.

Because SJVR has not shown that the Magistrate Judge's June 25, 2010 discovery order is either erroneous or contrary to law, SJVR's request for reconsideration is denied.

**ORDER**

Accordingly, SJVR's Motion for Reconsideration of the Magistrate Judge's June 25, 2010, order is DENIED.

IT IS SO ORDERED.

Dated: August 27, 2010

CHIEF UNITED STATES DISTRICT JUDGE

4