IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAN JOAQUIN VALLEY RAILROAD ) <br> COMPANY, et al., ) <br> ) <br> Defendants. ) <br> _____) <br> and related counter-claims. | NO. 1:08-CV-01086-AWI-SMS <br><br> ORDER GRANTING BNSF'S <br> MOTION TO STRIKE <br><br> (Document #107) |

This is an action for breach of contract by plaintiff BNSF Railway Company ("BNSF") against defendants Tulare Valley Railroad Company ("TVRR") and San Joaquin Valley Railroad Company ("SJVR"). In the instant motion, BNSF seeks to strike SJVR's January 11, 2010 amended counterclaims for failure to seek leave of court before filing the amended counterclaims. For the reasons stated below, BNSF's motion to strike is granted.

**PROCEDURAL BACKGROUND**

On September 2, 2008, SJVR filed counterclaims alleging breach of contract and seeking declaratory relief. On September 19, 2008, BNSF filed an answer to SJVR's counterclaims. On November 6, 2009, BNSF filed a first-amended complaint by obtaining written consent from SJVR. On November 30, 2009, SJVR filed an answer to BNSF's amended complaint and "Supplemental Counterclaims." See Doc. No. 91. On December 14, 2009, BNSF filed an

answer to SJVR's supplemental counterclaims.  On January 11, 2010, SJVR filed a pleading styled as "First-Amended Supplemental Counterclaim,", which includes two new tort claims.[1]

## DISCUSSION

<u>BNSF's Argument</u>

BNSF argues that SJVR's January 11, 2010 pleading fails to satisfy Rule 15's requirement because SJVR had already amended once as a matter of course and did not seek leave of court or secure written consent from BNSF before filing its pleading.

<u>SJVR's Argument</u>

SJVR argues that its January 11, 2010 pleading was timely filed pursuant to the new version of Rule 15(a)(1).[2]  SJVR contends that:

> under the new version of Rule 15(a)(1), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ."  Since BNSF filed its answer to the original supplemental counterclaim on December 15, 2009, SJVR's deadline to amend its pleading once as matter of course would have expired 21 days later, on January 4, 2010; and since BNSF granted a seven-day extension under Rule 15(a)(2) to January 11, 2010, SJVR timely filed its amended pleading on January 11, 2010.

<u>See</u> SJVR's Opposition at page 4.

In the alternative, SJVR moves for leave of court to file its amended pleading under Rule 15 and L.R. 230(e).

<u>Discussion</u>

Under the December 2009 revised version of Rule 15(a), a party may amend its pleading *once* as a matter of course within 21 days after service of a responsive pleading. <u>See</u> Rule 15(a)(1)(B).  Under the old version of Rule 15(a), a party may amend its pleading *once* as a matter

---

[1] SJVR alleges that it discovered it may have fraud and misrepresentation claims at the deposition of its employee Mike Haeg, which was conducted on November 20, 2009.  <u>See</u> James Hicks Decl. ¶ 2.

[2] On December 1, 2009, Rule 15 was amended.  SJVR argues that the new version of Rule 15(a) applies.  BNSF argues that the old version of Rule 15 applies.  Because the Court finds that SJVR's January 11, 2010 pleading violates both the old version and the new version of Rule 15, the Court does not express an opinion as to which version of Rule 15 governs in this case.

of course before being served with a responsive pleading.  See former Rule 15(a)(1)(A).  Here, SJVR amended its counterclaims on November 30, 2009 when it filed the pleading styled as "Supplemental Counterclaims."  Therefore, under either the old version or the new version of Rule 15, SJVR was entitled to file an amended pleading only *once* as a matter of course.  SJVR's January 11, 2010 pleading did not comply with Rule 15 because SJVR had already amended its counterclaims once as a matter of course on November 30, 2009.  If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect.  See United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003); Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998); Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988); Gengler v. United States, 463 F. Supp.2d 1085,1093 (E.D. Cal. 2006); Stetz v. Reeher Enters.,70 F. Supp. 2d 126, 127 n.1 (N.D. N.Y. 1999).

Accordingly, SJVR's pleading is stricken for failure to comply with Rule 15.  SJVR may file a properly noticed Rule 15 motion for leave of court to file an amended pleading before Magistrate Judge Snyder.

**ORDER**

Accordingly the Court ORDERS that BNSF's motion to strike SJVR's January 11, 2010 pleading is GRANTED.  SJVR may file a noticed Rule 15 motion for leave of court to file an amended pleading before Magistrate Judge Snyder within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:     September 15, 2010                          _____
                                                       CHIEF UNITED STATES DISTRICT JUDGE