**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BNSF RAILWAY COMPANY, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAN JOAQUIN VALLEY RAILROAD ) <br> COMPANY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> AND RELATED COUNTERCLAIMS. ) <br> _____ ) | NO. 1:08-CV-01086-AWI-SMS <br><br> ORDER REQUESTING ADDITIONAL BRIEFING ON BNSF'S MOTION FOR SUMMARY JUDGMENT <br><br> (Document #122) |

  Currently pending before the Court are plaintiff BNSF's, SJVR's, and TVRR's motions for summary judgment. In BNSF's motion for summary judgment on SJVR's four counterclaims, one issue raised by BNSF is that the statute of limitations bars SJVR's contractual counterclaims. In opposition, SJVR argues that under the "theory of continuous accrual," the statute of limitations for a periodic payments contracts does not run until the due date for each payment. SJVR cites to <u>Armstrong Petroleum Corp., v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App.4th 1375, 1388 (2004) in support of its position. <u>Armstrong</u> holds that where a contract is divisible, the breaches of its severable parts give rise to separate causes of action, and the statute

of limitations will begin to run at the time of each breach. Armstrong, 116 Cal. App.4th at 1388-89. In reply, BNSF argues that the 1992 Contract is not severable and cites to paragraph 2 of the 1992 Contract, which states in relevant part "This transaction and the consideration paid by Buyer is not divisible . . . ." See 1992 Contract at page 11.

The Court believes that further briefing on the issue of divisibility is necessary in order for the Court to make a determination on this issue. Accordingly, the parties are to submit briefing and evidence on the meaning and impact of the following language: "This transaction and the consideration paid by Buyer is not divisible . . . ." in relation to Armstrong.

In addition, the parties dispute whether Illinois' ten-year or California's four-year contractual statute of limitations should apply in this matter. BNSF argues that Illinois' ten-year statute of limitations contravenes California's policy against belated litigation. SJVR argues in opposition that Illinois' statute of limitations should apply in this matter because the 1992 Contract provides that the contract is governed by Illinois law. SJVR relies on ABF Capital Corp. v. Berglass, 130 Cal. App. 4th 825,835 (2005) for the proposition that California has no fundamental policy against the application of other jurisdictions' limitations periods. However, before a court will apply the law of a foreign jurisdiction selected by the parties, the court must determine:

> (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law. If however, either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. If there is no such conflict, the court shall enforce the parties' choice of law.

Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 466 (1992).

Here, the Court believes that additional briefing would be helpful because the parties have not briefed whether the chosen state (i.e. Illinois) has a substantial relationship to the parties or their transaction, or whether there is any other reasonable basis for the parties' choice of law.

## ORDER

1.   BNSF and SJVR are to simultaneously file briefs that address the above issues, on

2

or before October 28, 2010;

2. BNSF and SJVR are to file their reply briefs on or before November 4, 2010; and

3. After the Court receives the parties' additional briefing, the Court will issue its ruling.

IT IS SO ORDERED.

Dated:     October 8, 2010

CHIEF UNITED STATES DISTRICT JUDGE

3