IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | CV F 08 - 1086 AWI SMS |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER ON DEFENDANT SJVR's MOTION FOR RECONSIDERATION OF |
| SAN JOAQUIN VALLEY RAILROAD COMPANY, et al., | ) ) ) | MAGISTRATE JUDGE'S DECISION DENYING LEAVE TO AMEND |
| Defendants. | ) ) | COUNTERCLAIMS |

Doc. # 194

        This is an action for breach of contract by plaintiff BNSF Railway Company

("BNSF") against defendants San Joaquin Valley Railroad Company ("SJVR") and Tulare

Valley Railroad Company ("TVR") (collectively, "Defendant's").  The currently-operative

First Amended Complaint ("FAC") was filed by BNSF on November 6, 2009.  On November

30, 2009, SJVR filed an answer to the FAC that incorporated counterclaims against BNSF for

breach of contract.  Thereafter, SJVR has sought to amend its counterclaims to include

additional tort claims for fraud and negligent misrepresentation; first by way of direct

amendment on January 11, 2010, and then by motion for leave to amend pursuant to F.R.C.P.

15(b) filed on September 30, 2010.  In the instant motion, SJVR seeks reconsideration of the

Magistrate Judge's denial of its motion for leave to amend.

        For the reasons that follow the court will grant the motion for reconsideration, vacate

the Magistrate Judge's order and remand for further proceedings consistent with this order.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action commenced on July 25, 2007.  Originally, the action included claims and counterclaims seeking damages and declaratory judgment and alleging breach of a 1992 contract that set rates payable by BNSF to Defendants for transportation of BNSF's rail freight over portions of track that were sold by BNSF to TVR and were operated by SJVR. Discovery revealed the existence of a letter executed in 1994 (the "1994 Letter") that purportedly changed the payment and/or calculation of rates.  The parties stipulated to grant BNSF leave to amend its original complaint to include its claims relating to the 1994 Letter and BNSF filed its FAC on November 6, 2009.  SJVR answered BNSF's FAC and asserted supplemental counterclaims on November 30, 2009 (hereinafter SJVR's "SCC").  The counterclaims alleged by SJVR against BNSF in the SCC were substantially the same as the counterclaims asserted in SJVR's answer to the original complaint.  BNSF answered SJVR's counterclaim on December 14, 2009.

The Magistrate Judge's Order of December 12, 2010, Denying Defendant's Motion for Leave to File amended counterclaims (the "December 12 Order") noted that on November 20, 2009, Plaintiff deposed Mike Haeg ("Haeg"), a vice-president for sales for Rail America, a holding company that has owned SJVR since 2002.  During the deposition, Haeg recounted a conversation that had transpired between himself and  Mike Galassi, a former short-line marketing representative.  The conversation is alleged to have occurred sometime "in the late '90's, '98 or'99."  Doc. # 193 at 4:4-7.  The gist of the conversation was that Haeg asked (or intended to ask) Galassi for a rate increase but was told by Galassi that rail rates had gone down over the time period in question and that no increase in rates would be forthcoming. SJVR alleges that Galassi's statement misrepresented the actual movement in rail freight rates during the time period and that Galassi knew at the time the statement was made that it was false.  Discovery ended on November 30, 2009.

Based on Haeg's deposition statements, SJVR filed a document titled "First Amended Supplemental Counterclaim against BNSF (hereinafter "FASCC") on January 11, 2010.  The FASCC reiterated the counterclaims set forth in SJVR's SCC and added two tort

counterclaims, one for fraud and the other for negligent misrepresentation.  On January 21, 2010, BNSF moved to strike the FASCC arguing that the pleading was filed without leave of the court to amend a complaint in violation of Rule 15(b) of the Federal Rules of Civil Procedure.  During the pendency of BNSF's motion to strike, all three parties filed motions for summary judgment.  The motions for summary judgment were filed on March 8, 2010.

On September 16, 2010, the court issued an order granting BNSF's motion to strike. In the order, the court construed SJVR's SCC as an amended pleading filed as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.  Therefore, the court construed SJVR's FASCC as a further amendment of the SCC therefore deemed it improperly filed.  The court noted that, pursuant to Rule 15(a)(2), SJVR would need to procure either permission of BNSF or leave of the court under before any further amended counterclaim could be filed.  SJVR moved for leave to amend its SCC on September 30, 2010.  Doc. # 179.  SJVR's motion to amend was opposed by BNSF.  SJVR's motion to amend was denied by an order filed by the Magistrate Judge on December 14, 2010 (the "December 14 Order").  SJVR's motion for reconsideration of the December 14 Order was filed on December 30, 2010.  BNSF's opposition was filed on January 4, 2011, and SJVR's reply was filed on January 5, 2011.

## THE DECEMBER 14 ORDER

The Magistrate Judge's December 14 Order extensively set forth the legal standards that pertain to consideration of a motion for leave to amend.  For the most part, those standards need not be repeated here.  Of significance to the issues presented here, the December 14 Order noted that a policy of granting leave to amend when justice requires should "be applied with extreme liberality."  Doc. # 193 at 5 (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Owens v. Kaiser Foundation Health Plain, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). As the Magistrate Judge noted, "'a district court may deny leave to amend where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment.'" Doc. # 193 at 6:5-7 (quoting Lockman

Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).  The December 14 Order also noted that SJVR's motion to amend was filed during the pendency of motions for summary judgment that had been filed by all parties.  The December 14 Order noted that although a motion to amend may be granted after a summary judgment motion has been filed, the motion to amend should be denied unless the moving party makes a "substantial showing" to support its proposed amendment.  See Doc. # 193 at 7:21-24 (citing Oncology Therapeutics Network Connection v. Virginia Hematology Oncology PLLC, 2006 WL 334532 at *13).

The December 14 Order noted that futility of amendment is, by itself, sufficient reason to deny a motion to amend under Rule 15.  See Doc. # 193 at 8"18-19 (citing Baker v. Pacific Far East Lines, Inc., 451 F.Supp. 84, 89 (N.D. Cal. 1978)).  The December 14 Order then proceeded to discuss the sufficiency of SJVR's amended pleading with regard to the tort claims for fraud and negligent misrepresentation in light of the requirement that such claims be pled with particularity pursuant to Rule 9(b).  After laying out the pleading standards for claims that sound in fraud under Rule 9(b) in some detail, the court examined the allegations set forth in SJVR's FASCC.[1]  After quoting and examining the factual allegations set forth in the FASCC, the December 14 Order concluded that the SJVR's proposed amended pleading alleged "'on information and belief' that Galassi falsely represented that rates had increased[2]."  Doc. # 193 at 12:17-18.  The December 14 Order noted that "A claim based on information and belief is 'fundamentally defective.'"  Id. (citing Comwest Inc. v. American Operator Services, Inc.], 765 F.Supp. 1467, 1471 (C.D. Cal. 1991)).  The December 14 Order concluded that SJVR failed "to plead its fraud claim with the specificity required by Rules 8 and 9," and accordingly found that leave to amend the counterclaim would be inappropriate.

[1]    It appears to the court that SJVR did not submit a proposed amended counterclaim with its motion to amend but instead referenced the allegations set forth in their First Amended Supplemental Counterclaim, Document # 100, which had been stricken by the court's order of September 16, 2010.

[2]    The court recognizes that the word "increased" is a typographical error. The referenced portion of SJVR's FASCC alleges Galassi falsely represented that rates had decreased.

4

1    Doc. # 193 at 13: 12-14.

2         With regard to SJVR's proposed amended claim for negligent misrepresentation, the

3    December 14 Order opined:

4         Although the elements of a cause of action for fraud and a cause of action for
          negligent misrepresentation are similar, the state of mind requirements differ.
5         Negligent misrepresentation "sounds in fraud" and is also subject to
          F.R.Civ.P.'s heightened pleading standard. [Errico v. Pacific Capital Bank,
6         N.A., ___ F.Supp.2d ___, 2010 WL 4699394 at *13 (N.D. Cal. 2010).]
          Negligent misrepresentation differs from fraud in that it does not require
7         "intent to deceive or defraud," but only an "assertion, as a fact, of that which
          is not true, by one who has no reasonable ground for believing it to be true"
8         (Cal. Civ. Code § 1572(2)). *Oakland Raiders v. Oakland-Alameda County
          Coliseum, Inc.*, 144 Cal.App.4th 1175, 1184 (2006). If a party alleges
9         sufficient facts to establish a fraud claim, it also alleges sufficient facts to
          establish a negligent misrepresentation claim. *Errico*, 2010 WL 4699394 at
10        *13. Having failed to specifically allege facts supporting its fraud claim,
          SJVR also fails to specifically allege facts supporting its claim for negligent
11        misrepresentation. Accordingly, granting leave to amend the counter-claims
          to include a claim for negligent misrepresentation is also inappropriate.

12   Doc. # 193 at 13:15-14:5.

13                              **LEGAL STANDARD**

14        Motions to reconsider are committed to the discretion of the trial court.  Rodgers v.

15   Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d

16   437, 441 (D.C.Cir. 1987).   To succeed, a party must set forth facts or law of a strongly

17   convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare

18   Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and*

19   *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).   When filing a motion for

20   reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or

21   circumstances claimed to exist which did not exist or were not shown upon such prior

22   motion, or what other grounds exist for the motion."  The court reviews a motion to

23   reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law"

24   standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  As such, the court may

25   only set aside those portions of the Magistrate Judge's order that are either clearly erroneous

26   or contrary to law.  Fed.R.Civ.P. 72(a).

27

28

                                         5

**DISCUSSION**

SJVR's contentions with regard to its motion for reconsideration are straightforward. SJVR essentially contends that the standards pertaining to amendment of pleadings under Rule 15 require that they be permitted to correcte what they contend is a pleading error pertaining to their allegation "on information and belief" of Galassi's allegedly false statement.  SJVR also contends that it should be permitted to amend its counterclaims to include the allegations of untruthful statement and reliance because the issue is already before the court in the context of SJVR's claims concerning when it became aware of BNSF's alleged breach.  BNSF's points briefly to the bases for its opposition to SJVR's motion to amend and contends that SJVR failed to carry its burden for the reasons set forth in the Magistrate Judge's December 14 Order.

The court begins its analysis by noting that BNSF opposed SJVR's motion to amend on grounds of prejudice, bad faith and undue delay, futility, and on the ground the statute of limitations had passed.  BNSF also opposed SJVR's motion to amend on the ground that the action at bar is an action in contract and that such an action will not support tort claims that essentially restate the breach of contract claims.  The December 14 Order briefly mentions the issues of unjust delay but confines its discussion to the issue of whether SJVR's pleadings with regard to the fraud and negligent misrepresentation claims were adequately pled.  For present purposes, the court will confine itself to the issues raised by the December 14 Order.

The court has three concerns regarding the December 14 Order that pertain more to the order itself than to the relative merits of the parties' contentions.  First, the court is concerned that the December 14 Order conveys at least the impression that the Magistrate Court employed a higher standard than may have been warranted.  The December 14 Order noted that SJVR's motion was filed during the pendency of the parties' motions and counter-motions for summary judgment.  The court feels it is important to point out that it is the court, rather than SJVR that bears a good deal of the responsibility for the fact that their motion for leave to amend was filed September 30, 2010, rather than earlier.  BNSF's motion to strike the FASCC was filed on January 11, 2010.  As it happened, there was a shuffle of

6

pleadings between the Magistrate Court and this court during which BNSF's motion to strike, and subsequent pleadings related to that motion, were misplaced.  As a result the court's decision on the motion to strike was delayed until September 30, 2010, – more than eight months later and more than six months after BNSF filed its motion for summary judgment.  It is significant that SJVR filed its motion for leave to amend within fifteen days of the court's order granting BNSF's motion to strike.  Given that SJVR first attempted to file its amended counterclaims including the tort claims approximately 60 days after BNSF filed its FAC and given that delay between the time SJVR's amended pleading was stricken and the time they moved for leave to amend was only 15 days, it cannot be fairly said that SJVR was dilatory in its efforts to bring its amended tort claims.  The concern expressed in Oncology Therapeutics Network Connection is the concern that a party facing an unfavorable outcome of a motion against it for summary judgment may attempt to delay an unfavorable conclusion of its case by filing motions to amend.  However where, as here, the party seeking to amend shows diligent pursuit of amendment so that any concern of seeking unreasonable delay is precluded, there is no justification in demanding a showing any more substantial than would ordinarily be required in a motion for leave to amend.

        The second of the court's concerns pertains to whether the focus of BNSF, and consequently the Magistrate Court, on the sufficiency of SJVR's factual pleadings for fraud and negligent misrepresentation was correct.  The correct focus in denying a motion to amend is whether further amendment of the pleading would be futile, not whether the pleading before the court is factually insufficient.  The Magistrate Court correctly noted that "[i]f the proposed amendment is insufficient in law and would be a futile act, it is proper to deny leave to amend. [Citation.] 'A motion for leave to amend may be denied if it appears to be futile or legally insufficient.' [Citation.]" Doc. # 193 at 8:18-21 (citing Baker v. Pacific Far East Lines, Inc, 451 F.Supp. 84, 89 (N.D. Cal. 1978); and Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  The problem with the parties' and the Magistrate Court's focus on the sufficiency of SJVR's pleadings under Rule 9(b) is that the inquiry goes to the *factual* sufficiency of SJVR's claim, not the *legal* sufficiency.  As the Miller court further explained,

"a proposed amendment is only futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Id.; see also, Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) (motion to amend is a situation where "it is clear that the complaint cannot be saved by amendment") .

The clarity that is necessary to sustain the conclusion that amendment would be futile arises principally in two circumstances. The first circumstance arises where the claim for relief itself alleges a fact or circumstance that prohibits relief as a matter of law. See, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1087-1088 (9th Cir. 2002) (amendment of RICO claim futile as a matter of law where the claim itself alleges the claimant received the benefit of his bargain). The second circumstance arises where the proposed amended complaint alleges the same flaw or flaws that caused the claim to be dismissed in the first instance. See, e.g., Kendall, 518 F.3d at 1051-1052 (amendment futile where proposed amended complaint contains same defects as original complaint); Sanford v. Mamberworks, Inc., 625 F.3d 550, 558-559 (9th Cir. 2010) (further amendment held futile where court informed pleading party prior to amendment to specifically include particular facts available to pleading party and those facts were not included in proposed amended pleading).

Neither of these circumstances are apparent in the facts of this case. It is clear from both BNSF's pleadings and the Magistrate Court's analysis that the parties were focused on factual, rather than legal, sufficiency. There is nothing apparent in either the December 14 Opinion or the pleadings pertaining to it that would support the contention that there exists no set of facts that could possibly constitute a sufficient claim. From this court's appraisal of the FASCC, the distance from the facts pled and a set of facts that would be sufficient to state a claim for fraud is not necessarily insurmountable. Second, it bears noting that prior to the December 14 Order, neither this court or the Magistrate Court had ever addressed the substance of SJVR's fraud and negligent misrepresentation claims. Thus, it cannot be held that SJVR's amended claims were ever found to be factually deficient and then re-pled with the same deficiencies that had been previously determined by the court.

The distinction between factual and legal insufficiency can be subtle and errors such as

8

the one evident here may be expected; particularly where, as here, both parties have improvidently latched onto the issue of factual sufficiency without due consideration of its relevance to amendment of pleadings. Nonetheless, where a finding of futility of amendment is based on factual insufficiency of the pleading and there is no basis to conclude that an adequate set of facts could not be alleged, the denial of leave to amend is an abuse of discretion. Miller, 845 F.2d at 214.

The third and final concern raised by the December 14 Order requires little discussion in light of the court's determination that the Magistrate Court's finding of futility of amendment must be corrected. This concern arises from the Magistrate Court's comments regarding futility of amendment with regard to SJVR's claim for negligent misrepresentation. In the above-quoted paragraph, the December 14 Order correctly notes that a pleading that sufficiently alleges a claim for fraud also sufficiently alleges a claim for negligent misrepresentation since the legal elements of negligent misrepresentation are the same as for fraud except without the requirement of intent to deceive. Unfortunately, it does not follow that a pleading that does *not* adequately allege the elements of fraud also does *not* adequately allege the elements of negligent misrepresentation. If a pleading attempts to allege a claim for fraud but fails because the intent element is inadequately pled, the pleading may nonetheless sufficiently allege a claim for negligent misrepresentation. In view of the fact the court has found clear error with regard to the determination of futility of amendment on SJVR's fraud claim, this observation has no bearing on the outcome of the motion for reconsideration. The court merely offers the observation to help avoid similar errors in the future.

The court concludes that the Magistrate Court's December 14 Order must be vacated for clear error and abuse of discretion. This, however, does not fully settle the issue of whether further amendment of SJVR's counterclaims to include the tort claims should be allowed. BNSF alleged additional grounds for opposition to SJVR's motion to amend, including prejudice, untimeliness, and futility arising from the general California rule that a breach of contract will not give rise to a tort claim. All that is before this court at this time is the Magistrate Court's December 14 Order. The court does not know whether the Magistrate

9

Court has given consideration to BNSF's other contention and whether or not the Magistrate Court has reached any conclusions with regard to those issues.  The court is also aware that other issues unknown to this court may arise with respect to discovery that may create prejudice to one or more parties.  Finally, this court realizes that additional hearings and/or conferences may be required to fully settle whether and/or how amendment of SJVR's pleadings should be managed.  For these reasons, the court will vacate the Magistrate Court's December 14 Order and will refer the matter back to the Magistrate Court for further action consistent with this memorandum order and opinion.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that SJVR's motion for reconsideration is hereby GRANTED to the following extent:

1.      The Magistrate Judge's December 14 Order denying SJVR's motion for leave to amend is hereby VACATED.

2.      The matter is hereby returned to the Magistrate Court for further proceedings not inconsistent with this memorandum opinion and order.

3.      In no event shall amendment of any counterclaims alleged by SJVR in the proposed FASCC filed on January 11, 2011, be permitted, except that they may be voluntarily dismissed by SJVR.

IT IS SO ORDERED.

Dated:     February 9, 2011            _____

CHIEF UNITED STATES DISTRICT JUDGE