IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN VALLEY RAILROAD COMPANY, et al.,<br><br>                Defendants. | CV F 08 - 1086 AWI SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND SUPPLEMENTAL COUNTERCLAIMS<br>Doc. # 251 |

      Currently before the court are the motion for entry of judgment by plaintiff BNSF Railway Company ("Plaintiff" or "BNSF") and a pleading titled "Motion for Leave to Amend San Joaquin Valley Railroad Company's Answer to Amended Complaint and Supplemental Counterclaim," Doc. # 251, (hereinafter, the "Motion to Amend") by defendant San Joaquin Valley Railroad Company ("Defendant" or "SJVR").  In previous orders the court granted summary judgment in favor of Plaintiff as to the counterclaims alleged by Defendant against Plaintiff.  See Doc. # 231 and Doc. # 246.  In both orders, the court requested that the parties identify any issues that remain to be adjudicated between the parties that were raised in Plaintiff's First Amended Complaint ("FAC") or in Defendant's Answer and Amended Counterclaims ("Counterclaims").  For the reasons that follow, the court will

order entry of judgment in favor of Plaintiff in this action and close the case.  Defendant's Motion to Amend will be correspondingly denied.

## PROCEDURAL HISTORY

The FAC was filed on November 6, 2009.  Doc. # 85.  SJVR's Answer and Supplemental Counterclaim and the answer of co-defendant Tulare Valley Railroad ("TVRR") were both filed on November 30, 2009.  On January 11, 2010, SJVR filed amended counterclaims against BNSF, but the amended counterclaims were stricken for violation of Rule 15 of the Federal Rules of Civil Procedure.  Doc. # 178.  On March 8, 2010, BNSF filed a motion for summary judgment as to SJVR's Counterclaims.  On the same date, SJVR filed a cross-motion for summary judgment as to BNSF's claims and as to its own Counterclaims.  As the court previously noted, SJVR's Counterclaims and BNSF's claims are essentially mirror-images of each other.  Both claims and counterclaims pertain to the duties of the parties under a set of agreements beginning with the 1992 Agreement and as thereafter amended by the parties in the 1994 Letter.  TVRR also filed a motion for summary judgment on March 8, 2010.  TVRR sought summary judgment on the ground it was not a party to the dispute between the other two parties.

On September 30, 2010, SJVR filed a motion to amend its counterclaim against BNSF; primarily for the purpose of adding tort claims for fraud and negligent misrepresentation.  Doc. # 179.  That motion was denied by the Magistrate Judge on December 14, 2010.  Doc. # 193.  After reconsideration, the motion was again denied on August 2, 2011.  On April 18, 2012, the court issued a memorandum opinion and order dismissing TVRR from the action and granting summary judgment in favor of BNSF on BNSF's motion for summary judgment.  Doc. # 231.  SJVR thereafter filed a motion for reconsideration, Doc. # 232, which was denied by order of the court on June 13, 2012.  Doc. # 246.

On June 6, 22, 2012, BNSF moved for entry of judgment.  Since the motion was pursuant to the court's orders of April 18 and June 13, the court infers that BNSF found no remaining issues or defenses needing decision.  SJVR filed an opposition to BNSF's motion

for entry of judgment on July 13, 2012, and filed the instant Motion for Leave to Amend, Doc. # 251, on July 16, 2012. SJVR's instant Motion for Leave to Amend seeks to allege counterclaims against BNSF that arise from damages SJVR alleges it suffered from conduct by BNSF occurring more recently than the time-frame of events alleged in the FAC. Following complete briefing by the parties on both motions, the court vacated the date set for oral argument and took both motions under submission on August 17, 2012. On August 14, 2012, SJVR filed a new action against BNSF alleging the same conduct and damages that SJVR seeks to allege in its Motion to Amend. The new case is numbered 12-cv-1321.

## DISCUSSION

SJVR's opposition to BNSF's motion for entry of judgment is based in part on the court's observation that the motions for summary judgment did not appear to seek summary adjudication of the claims set forth in Plaintiff's FAC but rather adjudication of SJVR's counterclaims which, as noted, are essentially the mirror images of BNSF's claims. In particular, SJVR contends that the court's orders of April 18 and June 13 left unresolved:

1. The legal construction of paragraphs 1(c), 29, 30 and 31 of the 1992 Marketing Agreement.
2. BNSF's allegation in its FAC of SJVR's alleged breach of the 1992 Agreement.
3. BNSF's alleged damages resulting from the alleged breach of the 1992 Agreement.
4. SJVR's alleged breach of the 1994 Letter Agreement and BNSF's alleged damages arising therefrom.
5. BNSF's compliance after July 2008 with Paragraph 31 of the 1992 Agreement.
6. The rights and interests under the 1992 Agreement that were purchased from TVRR in 1999.

Doc. # 249 at 2:3-21.

As BNSF points out, items 1 through 4, above, are BNSF's claims for breach or consequent damages against SJVR; claims that BNSF has concluded are finally settled by the court's orders of April 18 and June 13. BNSF contends that any claims for damages it may have asserted in its FAC are/were actionable only if the court had found in favor of SJVR with respect to the construction of the above-cited paragraphs of the 1992 Agreement. BNSF

admits that, because the court's decision favored BNSF with respect to the construction of the 1992 Agreement, BNSF has no claims to assert against SJVR and BNSF cannot claim damages arising therefrom. Given that the court has concluded it cannot find any remaining viable claims by BNSF against SJVR and BNSF has concurred in that conclusion, the court is convinced that no such claims remain.

SJVR's fifth unresolved issue, "BNSF's compliance after July 2008 with Paragraph 31 of the 1992 Agreement," is a reference to the claims SJVR seeks to add to this action by way of its Motion to Amend. This issue also is the subject of SJVR's claim for relief in the new case numbered 12-cv-1321, which alleges specifically that BNSF breached the 1992 agreement beginning on or about January 2009 and continuing thereafter. SJVR's sixth unresolved issue, above, is a somewhat more tangential reference to the same claim raised by SJVR in its new action against BNSF. In addition to damages arising from BNSF's alleged breach of the 1992 agreement's requirement to make yearly rate adjustments, SJVR's new action seeks judicial declaration of SJVR's rights to set routes and rates under the 1992 agreement it purchased from TVRR.

The court can see no prejudice to either party by the entry of judgment and termination of this case. Neither party contends that *it* has any claim or issue that remains unresolved. Further, BNSF admits all of its claims are settled by the court's prior decisions. The court agrees with BNSF that further amendment of SJVR's counterclaims in this action would be inappropriate. While it is true that SJVR's "new" claims arise out of the 1992 agreement and that SJVR contends the court will be required to declare the rights of the parties under the 1994 Letter, the factual context is fundamentally different under the facts alleged in SJVR's new action. To a significant extent, the rights of the parties in the instant case turn on the undisputed fact that neither SJVR or its predecessor in interest under the 1992 Agreement, TVRR, challenged BNSF's right to set through routes and through rates or demanded that BNSF discharge its duty to report yearly rate changes as a condition of its authority to divide revenues according to Table 1. Throughout the instant action, the court has been concerned with the issue of SJVR's ability to reach *back* in time to recover damages

for alleged technical breach of an agreement where no party gave actual or constructive notice of their contention that an agreement or agreements had been breached.

In the "new" action, SJVR alleges it notified BNSF of its contentions regarding SJVR's rights and BNSF's obligations under the agreements late in 2008 so that BNSF became obligated under the agreements and was in breach of those obligations as of the beginning of January 2009.  This allegation requires an entirely different analysis of the parties' rights and responsibilities under the 1992 and subsequent agreements.  While SJVR contends it will be burdened unnecessarily by having to go through discovery a second time, it seems to the court that discovery would need to be opened again in any event and the burdens on either party will not be significantly greater if SJVR pursues its new claims in a new case.  In addition, the instant case has been strenuously contested and it is certainly reasonable to expect that SJVR may wish to challenge the court's decisions by way of appeal.  It is better, in the court's view, to end these proceedings at this time so that any appeal is not cluttered with facts and analysis that pertains to issues that can be tried effectively in a separate action; particularly where that separate action has already commenced.

THEREFORE, for the reasons discussed, it is hereby ordered that Plaintiffs motion for entry of judgment is hereby GRANTED.  The Clerk of the Court shall enter judgment in favor of BNSF as to all claims set forth in the FAC.  Correspondingly, SJVR's Motion to Amend is hereby DENIED.

IT IS SO ORDERED.

Dated:   August 28, 2012

CHIEF UNITED STATES DISTRICT JUDGE

5