Case 1:08-cv-01086-AWI-SMS   Document 275   Filed 12/10/12   Page 1 of 4

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY, | CASE NO. 1:08-cv-01086-AWI-SMS |
| Plaintiff, | |
| v. | ORDER SETTING AMOUNT OF SANCTIONS DUE FROM ATTORNEY JAMES B. HICKS |
| SAN JOAQUIN VALLEY RAILROAD COMPANY, et al., | |
| | (Doc. 87) |
| Defendants. | |

On November 17, 2009, the Court granted, in part, Plaintiff's Motion for Sanctions against James B. Hicks, the former counsel for Defendants San Joaquin Valley Railroad Company and Tulare Valley Railroad Company, for his misconduct at the deposition of witness Charles Patterson. Doc. 87. The order imposed monetary sanctions consisting of attorney's fees and costs incurred by Plaintiff in preparing for and attending Patterson's initial deposition, its subsequent motion for sanctions, and Patterson's re-opened deposition. Thereafter, the Court received the declaration of Attorney Paul J. Hemming for attorneys' fees and costs with exhibits attached (Doc. 94); Defendant's response and objections to itemization of fees and costs re: sanctions motion with Hicks' declaration and exhibit (Doc. 98); and, Defendant's objections to BNSF's evidence re: sanctions (Doc. 99). At Mr. Hicks' request, the Court reserved entry of its order setting the sanctions amount pending resolution of the case. *See* Doc. 98.

1

**Calculating attorneys' fees.** To calculate an award of reasonable attorney fees, courts use the lodestar approach set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983),[1]. This approach requires the Court to first determine the hours reasonably spent on the litigation, then multiply them by a reasonable hourly rate. *Id.* at 433-34. In determining the "lodestar" figure, courts are to consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the extent to which the attorney's work on the case precluded other legal employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the lawyer and the client; and (12) awards in similar cases. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006), *quoting McGrath v. County of Nevada*, 67 F.3d 248, 252 n. 4 (9th Cir. 1995).

Although the lodestar fee is presumed to be reasonable, the Court may adjust it upward or downward as necessary to determine a reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley*, 461 U.S. at 434. The moving party has the burden of producing sufficient evidence that its hourly rates are reasonable. *Blum*, 465 U.S. at 896. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990).

---

[1]*Abrogated on other grounds by Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782 (1989)*; Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 518 (9th Cir. 2000).

In this case, Plaintiff requests an award of $56,263.41, including $48,421, attorneys' fees; $1000, Westlaw expenses; $3051.89, travel expenses; and $3790.52, fees for court reporter and videographer. Plaintiff supports its request with the declaration of its attorney, Paul J. Hemming, copies of billing statements prepared for Plaintiff, and a spreadsheet in which Mr. Hemming adjusted billing entries to reflect only that work attributable to Mr. Patterson's depositions and Plaintiff's motion for sanctions.

In considering the twelve factors listed above, the Court finds that Plaintiff's attorneys, Briggs and Morgan appropriately requested fees only for the period between June 1, 2009, the date on which its attorneys began preparing for Patterson's initial deposition, through October 30, 2009, the date of the sanctions hearing. In general, the individual time entries reflect appropriate use of time, without evidence of unnecessary duplication of effort or padding. Plaintiff's attorneys appropriately prepared for the depositions, and appropriately researched and argued the motion for sanctions to ensure both the legal soundness of the motion and zealous advocacy on behalf of their client.

Both of Plaintiff's attorneys have specific knowledge and experience in representing railroad corporations, necessary attributes in litigation construing through rates for interline railroad freight traffic. Mr. Thornton, who has represented Plaintiff since the 1970's, is a nationally recognized expert in railroad and transportation law. Mr. Hemming's hourly billing rate of $250.00 and Mr. Thornton's hourly billing rate of $300.00 were reasonable rates for attorneys representing a large corporation in specialized litigation before this Court. The Court specifically notes that Mr. Thornton's work in this case was billed at an amount significantly lower than his typical hourly rate of $580.00. Because Mr. Thornton billed a reduced billing rate,

the Court rejects Mr. Hicks' contention that the billing rate of Mr. Hemming, who has less experience than Mr. Thornton, was too high.

Having observed all three attorneys' tactics and demeanor throughout this case, the Court fully understands Mr. Hemming's observation that "dealing with Hicks has been more costly than dealing with any other opposing counsel." Doc. 94, ¶ 2 at 2.  As noted in the original sanctions order, Mr. Hicks engaged in repeated and unnecessary obstructive tactics and other misbehavior in conjunction with the Patterson deposition and Plaintiff's subsequent motion for sanctions against him.  Mr. Hick's actions unnecessarily complicated the process, and unnecessarily inflated the amount of time necessary, for Plaintiff to depose Mr. Patterson, Defendant's designated corporate representative for numerous issues.

Having reviewed the November 17, 2009 order, the declaration of Plaintiff's counsel, and the response and objections of Mr. Hicks, and having considered the facts and arguments in light of applicable law,  the Court hereby orders sanctions against Attorney James B. Hicks, personally, be set in the amount of $56,263.41, to be paid directly to Briggs and Morgan, P.A., within thirty (30) days of this order.  In the event that Mr. Hicks fails to make timely payment of the sanctions amount, this Court shall recommend that the District Judge impose further sanctions, which may include, but shall not be limited to, citation for disciplinary action to the State Bar of California and further monetary sanctions.

IT IS SO ORDERED.

**Dated:    December 7, 2012**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE